UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SHAWNA BATES, a.k.a. | * | |
| SHAWNA SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:12-CV-43 (CDL) |
| | * | |
| J P MORGAN CHASE BANK, N.A., | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### -- INTRODUCTION --

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby moves to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff Shawna Bates a.k.a. Shawna Smith ("Plaintiff") has failed to state any viable claims against Chase.  Indeed, many of Plaintiff's fail as a matter of law based upon the very documents she attaches to her Complaint, the publicly-available real property records, and Plaintiff's own allegations.  For example, while Plaintiff contends Chase violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to a purported qualified written request ("QWR"), Chase's response to that purported QWR is attached to her Complaint as Exhibit 4. Moreover, while Plaintiff contends that Chase is liable for converting a payment

she made to Chase, her bank statement – which she attaches to her Complaint as Exhibit 3 – shows that the alleged converted payment was returned to her by her bank.  Furthermore, Plaintiff's claim for trespass is belied by the terms of the publicly-filed security deed signed by Plaintiff, which gives Chase the express right to enter the property upon Plaintiff's admitted default.  Finally, although Plaintiff alleges a claim for wrongful foreclosure, she admits in her Complaint that no foreclosure has taken place.  In sum, Plaintiff has failed to plead any plausible facts that form any viable claim against Chase.  Therefore, Chase respectfully requests this Court dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On or about May 30, 2008, Plaintiff entered into a mortgage loan transaction ("Loan") with Synovus Mortgage Corp. ("Synovus") to secure the purchase of real property located at 145 Culpepper Drive, Cataula, Georgia 31804 ("Property").  Plaintiff executed a note ("Note") and a security deed ("Deed") in favor of Synovus in the amount of $151,092.00.[1]  (*See* Compl. ¶ 8 and Ex. A attached

---

[1] A true and correct copy of the Deed is attached hereto as Exhibit A.  The Court may take judicial notice of this document because it is a public record and is central to Plaintiff's Complaint.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Clark v. Bibb County Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001).

hereto.)  The Deed names Mortgage Electronic Registration Systems, Inc.

("MERS") as nominee for Synovus.  (*See* Ex. A at 1.)  On November 16, 2011,

MERS, as nominee for Synovus, recorded an assignment ("Assignment")

conveying all of its rights and interests in the Property to Chase.[2]

Plaintiff admittedly fell behind on the Loan payments beginning in June of

2011.  (Compl. ¶ 11.)  Specifically, Plaintiff admits she failed to make her June,

July, and August 2011 payments in a timely manner.  (*Id.*  ¶¶ 11-12.)  According to

the Deed, Plaintiff is in default if she fails to pay any monthly payment prior to or

on the due date of the next monthly payment.  (*See* Ex. A at § 9(a)(i).)  Here,

Plaintiff did not attempt to make her June, 2011 payment until September 6, 2011

– more than 60 days after that payment was due.  (*Id.*)  Therefore, based on

Plaintiff's allegations, she was in default under the terms of the Loan as of July,

2011.

On September 6, 2011, after Plaintiff was in default, Plaintiff mailed Chase a

payment in the amount of $3,495.00 for her June, July, and August 2011 Loan

payments.  (Compl. ¶ 12.)  Plaintiff asserts the money was electronically

transferred out of her bank account on September 15, 2012.  (*Id.*; Compl. at Ex. 3

attached thereto (DE1-4 at 4).)  However, Plaintiff's bank statement, attached to

---

[2] A true and correct copy of the Assignment is attached hereto as Exhibit B.  The
Court may take judicial notice of this document because it is a public record and is
central to Plaintiff's Complaint. *See supra* n.1.

her Complaint as Exhibit 3, contradicts this assertion. The statement clearly shows that on September 12, 2011, a payment to Chase in the amount of $3,495.00 was marked "returned" and "unpaid." (*Id.*)  Also on September 12, Plaintiff was assessed a $35.00 "Return Item Fee" for the $3,945.00 payment.  (*Id.*)  Further, correspondence from Chase to Plaintiff confirms that the September 6, 2011 payment was returned to Plaintiff because the funds were insufficient to cure default.  (Compl. at Ex. 4, p.1.)

Plaintiff alleges that she submitted a check to Chase for $4,660.00 on November 7, 2011.  (Compl. at ¶¶ 13-14.)  Chase also returned this payment because it was insufficient to cure the default under the Loan.  (*Id.* at Ex. 4 attached thereto.)  On November 28, 2011, Plaintiff again submitted to Chase a check for $4,660.00, which was again returned by Chase because it was insufficient to cure default.  (*Id.*)

In December, 2011, based on Plaintiff's default on the Loan, Chase initiated foreclosure proceedings.  (Compl. at Ex. 1 attached thereto.)  Initially, a foreclosure sale was scheduled for January 3, 2012.  (Compl. at Ex. 2.)  This foreclosure sale did not occur.  (Compl. ¶ 30.)  Plaintiff contends that the foreclosure sale was rescheduled for February 7, 2012, but she does not contend that the February foreclosure sale went forward.  Indeed, the Property has not been sold in foreclosure to date.

4

Plaintiff filed her Complaint in the United States District Court for the Middle District of Georgia on February 21, 2012.  In the Complaint, she alleges the following claims against Chase: (1) violations of RESPA; (2) conversion; (3) an unspecified breach of contract; (4) wrongful foreclosure; and (5) trespass.  Plaintiff requests attorney's fees, expenses, and punitive damages in connection with her claim.  (Compl. ¶¶ 71-72.)

As demonstrated herein, Plaintiff's Complaint is subject to dismissal in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard Applicable to a 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, a plaintiff's complaint must contain "plausible" factual allegations supporting the existence of all the elements of each particular cause of action alleged.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).  Thus, conclusory allegations and "formulaic recitation of the elements of the cause of action will" result in dismissal.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (affirmatively adopting the *Iqbal* "plausibility" standard).  When the allegations of the Complaint are not only insufficient to support the elements of a claim, but actually establish (by themselves or when considered in conjunction

with materials appropriately considered on a motion to dismiss) that a plaintiff cannot plead such elements, dismissal should be with prejudice. *Marr v. Envtl. Thermal Sys., Inc.*, 91 F. App'x. 120, 122 (10th Cir. 2004).

In ruling on a Rule 12(b)(6) motion to dismiss, courts may consider materials referred to in the complaint that are central to the party's claims, *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005), as well as other materials including, but not limited to public records and filings in other courts. *Hennington v. Greenpoint Mortg. Funding, Inc.*, No. 1:09-CV-00676-RWS, 2009 WL 1372961, *4 (N.D. Ga. May 15, 2009); *Clark*, 174 F. Supp. 2d at 1370. Indeed, courts are not required to accept as true allegations that are contradicted by "specific factual details," such as attached exhibits or public records. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

## B.  Plaintiff's RESPA Claim Fails as a Matter of Law Based on Exhibit 4 to Her Complaint

Plaintiff alleges that Chase violated §2605(e) of RESPA by failing to respond to her purported QWR dated December 22, 2011.   (Compl. ¶¶ 59-60.) Her allegations, however, fail as a matter of law; she attached Chase's response to the purported QWR to her Complaint as Exhibit 4.  (Compl. at Ex. 4 (DE1-5 at 2).) Moreover, Plaintiff's RESPA claim fails as a matter of law because § 2605(k) of RESPA, for which Plaintiff seeks relief, was not yet in effect at the time the events giving rise to this litigation occurred.  Accordingly, Plaintiff cannot state a claim

for a RESPA violation, and this claim must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff accuses Chase of violating 12 U.S.C. § 2605(e), which requires mortgage servicers to investigate and respond to a borrower's written inquiries regarding potential errors pertaining to a loan.  12 U.S.C. § 2605(e).   In her Complaint, Plaintiff alleges she sent Chase a letter on December 22, 2011 ("December 22 Correspondence").  (Compl. at Ex. 3 (DE1-4 at 2-3.)  In the December 22 Correspondence, Plaintiff requested information regarding the payments she allegedly submitted to Chase in September, November, and December, 2011.  (*Id.* at 2.)[3]  Plaintiff alleges Chase never responded to the December 22 Correspondence.  (Compl. ¶ 28.)  This allegation, however, is belied by Exhibit 4 attached to Plaintiff's Complaint: a letter from Chase in response to Plaintiff's "recent inquiry regarding the status of this Chase loan."  (*Id.* at Ex. 4 (DE1-4 at 1).)  Therein, Chase directly addresses Plaintiff's inquiry regarding the September, November, and December, 2011payments and explains why Plaintiff's submitted payments were not accepted.  (*Id.*)  Plaintiff's allegation that Chase did not respond to the December 22 Correspondence is belied by the very same

---

[3] Plaintiff's unilateral determination that the December 22, 2011 correspondence constitutes a QWR is a legal conclusion.  This Court is not required to accept as true a legal conclusion couched in the form of a factual allegation.  *Iqbal*, 129 S. Ct. at 1950.

exhibits she attaches to the Complaint and cannot, as a matter of law, subject

Chase to any liability under § 2605(e) of RESPA.

Furthermore, Plaintiff's RESPA claim brought under 12 U.S.C. § 2605(k)

also fails as a matter of law because this subsection of RESPA was not yet in effect

at the time of the events giving rise to this litigation occurred.  Specifically,

Plaintiff alleges that Chase "violated 12 U.S.C. § 2605(k) in that it did not take

timely action to respond to [Plaintiff]'s pleas to correct her account, refused to

properly investigate its errors, and failed to follow standard servicer's duties and

standards of care."  (Compl. ¶ 60.)  Sections 2605(k)-(m) of RESPA were created

under the DoddFrank Wall Street Reform and Consumer Protection Act of 2010,

Pub.L. No. 111-203, 124 Stat. 1376 (2010) (the "Dodd-Frank Act"), which was

signed into law on July 21, 2010.  Pursuant to Section 1400(c) of the Dodd-Frank

Act, however, these RESPA amendments did not become effective (at the earliest)

until 18 months after the Act was signed into law (or January 21, 2012).  *See*

*McGinnis v. Am. Home Mortg. Servicing, Inc.*, No. 5:11-CV-284 (CAR), 2012 WL

426022, at *4 (M.D. Ga. Feb. 9, 2012) (Royal, J.) (denying default judgment on

plaintiff's § 2605(k) claim because that section of RESPA was not in effect prior to

events alleged by plaintiff).

Because none of the events giving rise to Plaintiff's claims occurred after

January 21, 2012, dismissal of Plaintiff's RESPA claim under § 2605(k) is

required. [4]  *See Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CV, 2011 WL

436890, at *5-7 (S.D. Fla. Sept. 19, 2011) (dismissing plaintiff's RESPA claim

under § 2605(m) because it was not in effect prior to events at issue); *Gibson v.

Chase Home Fin., LLC*, No. 8:11-CV-1302-23 TBM, 2011 WL 6319401, at *6

(M.D. Fla. Dec. 16, 2011) (dismissing RESPA claim under § 2605(l) because that

statutory subsection was not yet in effect).

Because Plaintiff cannot state a claim for relief under RESPA as a matter of

law, Chase respectfully requests that this Court dismiss Count One of Plaintiff's

Complaint. [5]

---

[4] The events giving rise to Plaintiff's purported RESPA claim under § 2605(k) include Chase's alleged failure to take timely action to respond to [Plaintiff]'s pleas to correct her account, refusal to properly investigate its errors, and failure to follow standard servicer's duties and standards of care.  (Compl. ¶ 60.)  No such events occurred in January, 2012.  Indeed, based on the allegations on the face of Plaintiff's Complaint, Plaintiff contacted Chase twice in January, 2012, and admits she received immediate responses to both inquiries.  (*See* Compl. ¶ 32, 36.) Therefore, none of the events giving rise to Plaintiff's RESPA claim occurred after § 2605(k) became effective on January 21, 2012.

[5] Plaintiff also contends that Chase violated 12 U.S.C. § 2605(e) by "reporting adverse credit information to credit bureaus" subsequent to Plaintiff's submission of the purported QWR.  (Compl. ¶ 59.)  Plaintiff does not allege any facts showing Chase reported adverse credit information within 60 days after receipt of the purported QWR.  (*See generally* Compl.)  Such "threadbare recitals of the elements of a cause of action" are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  *Iqbal*, 129 S. Ct. at 1949-50.

**C. Plaintiff's Conversion Claim Fails as a Matter of Law Based On Exhibit 3 Attached to her Complaint**

In Count Two of her Complaint, Plaintiff asserts a claim against Chase for conversion based on her allegation that Chase "received and never returned" her purported $3,495.00 payment made on September 6, 2011 ("September 6 Payment"). (Compl. ¶ 37.) In Georgia, conversion is defined as "any distinct act of dominion asserted over another property in denial of his right." *Nat'l City Bank of Rome v. Busbin*, 332 S.E. 2d 678, 681 (Ga. App. 1985). Although Plaintiff asserts Chase is liable for conversion because it allegedly accepted the $3,495.00 payment without crediting her account, the bank statement attached to the Complaint belies this claim; Chase returned the payment to Plaintiff because the payment was insufficient to properly cure default.

Plaintiff's claim for conversion fails as a matter of law based on Exhibit 3 to her Complaint. Specifically, Exhibit 3 – Plaintiff's bank statement – clearly shows that a $3,495.00 payment to Chase was returned to Plaintiff's bank account on September 12, 2011. (Compl. at Ex. 3 (DE1-4 at 4).) Additionally, Plaintiff was assessed a $35.00 "Return Item Fee" for the $3,495.00 payment made to Chase. (*Id.*) As a result, Plaintiff cannot establish that Chase converted her September 6, 2011 payment because Exhibit 3 explicitly shows that Chase did not accept the

payment.[6]  Accordingly, Chase respectfully requests that this Court dismiss Count Two of Plaintiff's Complaint with prejudice.

### D.  Plaintiff's Breach of Contract Claim Does Not Meet the Requisite Pleading Standard of Rule 8(a)

While the Federal Rules adopt a flexible pleading policy, a claim may proceed only where a plaintiff pleads "**factual content** [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (emphasis added).  Count Three of Plaintiff's Complaint is comprised of a heading that reads "Breach of Contract" and one paragraph stating, in its entirety, that "Chase has breached the terms of its contracts with Shawna – note and security deed."  (Compl. ¶ 65.)  Instead of identifying the provision(s) of the contract(s) that Chase purportedly breached, Plaintiff merely concludes that Chase has breached the terms of either the Note or the Deed (or both) with Plaintiff.  (*Id.*)  Even construing Plaintiff's allegations liberally, Chase has not been provided with enough facts to determine the grounds on which Plaintiff rests her breach of contract claim.  *Twombly*, 550 U.S. at 555 n.3.

In sum, Plaintiff's naked assertion without factual enhancement is wholly insufficient to state a claim for relief under Rule 8.  *Iqbal,* 129 S. Ct. at 1949.

---

[6] Further evidence that Chase did not accept the September 6 Payment can be found in Exhibit 4 to Plaintiff's Complaint.  Therein, Chase explains that Plaintiff's September 7, 2011 payment had been returned to Plaintiff.  (Compl. at Ex. 4 (DE1-4 at 2).)

Accordingly, Chase requests that Count Three of Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state any claim upon which relief may be granted.[7]

### E. Plaintiff's Wrongful Foreclosure Claim Fails as a Matter of Law Because Foreclosure Has Not Occurred

Plaintiff's wrongful foreclosure claim fails under Georgia law for an obvious reason: the Property has not been foreclosed upon. (Compl. ¶ 30.) Thus, Plaintiff cannot, as a matter of law, state a claim for wrongful foreclosure. *Williams v. South Central Farm Credit, ACA*, 215 Ga. App. 740, 742 (1994) (finding wrongful foreclosure claim requires showing of inadequate price obtained at sale). Accordingly, any claim of wrongful foreclosure of the Property is not ripe and should be dismissed as a matter of law.

Furthermore, to the extent Plaintiff's allegations can be interpreted to assert a claim for wrongful attempted foreclosure, this claim also fails as a matter of law. Specifically, Plaintiff has neither alleged that Chase knowingly and intentionally published untrue and derogatory information in connection with a foreclosure advertisement nor alleged she has suffered any special damages as a result of any wrongful attempted foreclosure. *See, e.g., Hauf v. HomeQ Servicing Corp.*, No. 405-cv-109-CDL, 2007 WL 486699, *6 (M.D. Ga. Feb. 9, 2007) (citing *Aetna Fin.*

---

[7] Should the Court find dismissal on this ground is not warranted, Chase requests the Court require Plaintiff to amend her Complaint with a more definite statement of the specific facts upon which Count Three rests.

*Co. v. Culpepper*, 320 S.E.2d 228, 232 (Ga. App. 1984)) (noting that a plaintiff must show damages sustained as a direct result of a knowing and intentional publication of untrue and derogatory information concerning plaintiff's finances in order to bring a claim for wrongful attempted foreclosure in Georgia). As established in Section I, *supra*, Plaintiff has been in admitted default under the Loan since July, 2011.  Based on the face of Plaintiff's Complaint and the attached exhibits, Plaintiff did not properly cure default.  As a result, any foreclosure notices published pursuant to Plaintiff's default were accurate.  Plaintiff cannot show any set of facts upon which to base a claim that Chase knowingly published untrue information concerning Plaintiff's financial affairs. Accordingly, to the extent Plaintiff's Complaint can be interpreted to contain a claim for attempted wrongful foreclosure, such a claim also fails as a matter of law.

Based on the foregoing, Plaintiff cannot state a claim for wrongful foreclosure (or attempted wrongful foreclosure), and that claim must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**F.** **Plaintiff's Claim for Trespass Fails as a Matter of Law Because the Deed Expressly Gives Chase the Right to Enter the Property Upon Default**

In her Complaint, Plaintiff alleges that Chase trespassed upon the Property. (Compl. ¶ 69.)  In support of her allegation, Plaintiff states she discovered a man who purportedly held himself out as a Chase employee allegedly "hiding behind a

tree and taking pictures of the Property" on February 19, 2012.  (Compl. ¶¶ 55-56.)

Although Plaintiff asserts that such activity constitutes a trespass on the Property,

her claim fails as a matter of law because, pursuant to the terms of the Deed

Plaintiff signed, Chase may enter and inspect the Property upon default of the

Loan.  Therefore, Plaintiff's right to exclusive use and possession of the Property

was modified by the terms of the Deed, and, upon default, Chase was within its

legal right to enter the Property. [8]

In Georgia, each citizen is afforded an absolute right to enjoy private

property; any unlawful interference with such enjoyment is actionable behavior.

O.C.G.A. § 51-9-1.   However, the common law right protecting homeowners'

exclusive use and possession of property can be modified by agreement.  *See Smith

v. Fischer*, 1 S.E. 2d 684, 685-87 (Ga. App. 1939) (holding that defendant was not

liable for trespass against deceased landowner's daughter where defendant had

previous agreement with deceased landowner to enter property).  The terms on the

face of the Deed indicate that Plaintiff expressly agreed to allow the lender to

"inspect the Property if the Property is vacant or abandoned **or the loan is in

default**."  (Ex. A at 3, § 5, emphasis added.)  As previously established, Plaintiff

---

[8] As established in Section I, Plaintiff admits on the face of her Complaint that she did not even attempt to make her June, 2011 Loan payment until September 7, 2011.  Therefore, Plaintiff was admittedly in default on the terms of her Loan as of July, 2011.

has been in default under the terms of the Loan since July, 2011.  (*See supra* Section I.)  By virtue of the Assignment, Chase acquired all of Synovus's rights in the Deed on November 16, 2011.  (*See* Ex. B.)  Therefore, Chase retained the right to enter and inspect the Property upon Plaintiff's default.  *See Tacon v. Equity One, Inc.*, 633 S.E. 2d 599, 604 (Ga. App. 2006) (holding that mortgagee was not liable for trespass on plaintiff's property where the security deed gave the mortgagee the right to enter the property under certain circumstances).

Accordingly, even accepting Plaintiff's allegations as true, Chase cannot be held liable for trespass based on its alleged agent's entrance on the Property. Count Five of Plaintiff's Complaint therefore fails as a matter of law and must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[9]

---

[9] Plaintiff's derivative claims against Defendants for punitive damages and attorneys' fees must be dismissed based upon Plaintiff's failure to plead a viable substantive claim against Chase.  *Davis v. Johnson*, 280 Ga. App. 318, 320, 634 S.E.2d 108, 110 (2006) ("[a]ttorney fees and expenses of litigation under O.C.G.A. § 13-6-11…are ancillary and recoverable only where other elements of damage are recoverable on the underlying claim.'"  (quoting *Freeman v. Wheeler*, 277 Ga. App. 753, 757, 627 S.E.2d 86, 90 (2006)); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1304 (11th Cir. 2009) ("[a] punitive damages claim is derivative of a plaintiff's tort claim, and where a court has dismissed a plaintiff's underlying tort claim, dismissal of a plaintiff's punitive damages claim is also required") (citing *Boeing Co. v. Blane Int'l Group*, 276 Ga. App. 672, 624 S.E.2d 227, 231 (2005)).

### III.   <u>CONCLUSION</u>

For all the reasons stated herein, Chase respectfully requests Plaintiff's Complaint be dismissed in its entirety for failure to state a claim pursuant to Rule 12(b)(6).

Respectfully submitted this 30th day of March, 2012.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By:/s/ Thomas F. Gristina
      William L. Tucker
      Georgia Bar No. 718050
      wlt@psstf.com
      James C. Clark, Jr.
      Georgia Bar No. 127145
      jcc@psstf.com
      Thomas F. Gristina
      Georgia Bar No. 452454
      tfg@psstf.com
      1111 Bay Avenue, 3rd Floor
      Columbus, GA 31901
      Tel.:  (706) 324-0251
      Fax:  (706) 596-9992

      JOSEPH D. WARGO
      Georgia Bar No. 738764
      jwargo@wargofrench.com
      JULIE C. JARED
      Georgia Bar No. 801699
      jjared@wargofrench.com
      WARGO & FRENCH LLP
      999 Peachtree Street, N. E.
      26th Floor
      Atlanta, Georgia 30309
      (404) 853-1500 (telephone)
      (404) 853-1501 (facsimile)

      *Counsel for Defendant*
      *JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed a true copy of the within and foregoing in the United States District Court for the Middle District of Georgia and have served a true copy of same upon Plaintiff, by United States mail, postage prepaid, addressed as follows:

Charles A. Gower
Teresa T. Abell
CHARLES A. GOWER, P.C.
1425 Wynnton Road
Post Office Box 5509
Columbus, Georgia 31906

This 30th day of March, 2012.

/s/ Thomas F. Gristina
Counsel for Defendant