IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SHAWNA BATES, a.k.a.            *
SHAWNA SMITH,
                                *
    Plaintiff,
                                *
vs.                                       CASE NO. 4:12-CV-43 (CDL)
                                *
JPMORGAN CHASE BANK, N.A.,
                                *
    Defendant.
                                *

O R D E R

Sometimes common sense makes deciding summary judgment motions easy.  Consider the likely response from the average person on the street to the following hypothetical:  You sent me money for a debt that you owed me.  After depositing the check, I immediately discovered a problem with the form and amount of the check and wrote you a check back for the same exact amount.  You claim you never received my check.  Upon learning that my check to you had not cleared my account, I stopped payment and sent you another check for the same exact amount, which you did receive.  You sue me for damages claiming I stole your money.  The lay response would be "what?" or perhaps something not suitable for publication in a district judge's order.  The Court's response:  summary judgment granted.

Plaintiff Shawna Bates ("Bates") asserts various claims against Defendant JPMorgan Chase Bank, N.A. ("Chase"), including

a claim for conversion. Bates contends that she made a mortgage payment to Chase in the amount of $3,495.00 and that Chase committed conversion by failing to apply the funds to her account. Chase argues that Bates cannot prevail on her conversion claim because Chase returned the money to Bates. For the reasons set forth below, the Court agrees with Chase, and Chase's partial summary judgment motion (ECF No. 23) is therefore granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Bates, the record reveals the following. Unless otherwise noted, the facts are undisputed for purposes of summary judgment.

Bates obtained a loan to buy her home, and that loan was assigned to Chase. In June 2011, Bates fell behind on her loan payments. On September 6, 2011, Bates mailed Chase a check for $3,495.00 to satisfy her June, July and August 2011 payments. Chase received the check on September 7, 2011. Chase initially refused the payment and sent Bates a letter stating that "Certified funds are required." Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. Ex. 1, Bates Aff. ¶ 7, ECF No. 27-1; Bates Aff. Ex. D, Letter from Chase to J. Smith (Sept. 12, 2011), ECF No. 27-1 at 63-64. Nonetheless, the $3,495.00 was electronically transferred from Bates's checking account to Chase on September 15, 2011. Bates Aff. ¶ 9.

Chase concluded that the $3,495.00 was not sufficient to cure the default on Bates's loan and that Chase could not accept the payment because certified funds were required. On September 15, 2011, Chase issued check no. 9000017336 for $3,495.00 payable to Bates and her husband, Jeffrey Smith. Def.'s Statement of Undisputed Material Facts in Supp. of its Mot. for Summ. J. Ex. 1, Yarmesch Decl. ¶ 11; Yarmesch Decl. Ex. C, Check No. 9000017336, ECF No. 24-4. The check identified Chase

employee Brett Yarmesch as the person who requested the check. Yarmesch Decl. Ex. C, Check No. 9000017336, ECF No. 24-4. Yarmesch placed the check in an envelope and directed Chase's outgoing mail department to mail the check to Bates. Yarmesch Decl. ¶¶ 12-13, 15. If the outgoing mail department did not pick up the check or if the U.S. Postal Service had returned the check, it would have been returned to Yarmesch in the ordinary course of business. *Id.* ¶ 16. After Yarmesch placed the check in the mail collection box, it was never returned to him. *Id.* ¶ 17. Bates asserts that she never received the check Chase issued on September 15, 2011, and Bates repeatedly asked Chase to apply the $3,495.00 payment to her account. Bates Aff. ¶¶ 10, 18.

In March of 2012, Yarmesch received an internal Chase report stating that the September 15, 2011 check had not been cashed and was about to become stale. Yarmesch Decl. ¶ 18. Yarmesch issued a stop payment on the September 15, 2011 check and asked for a new check payable to Bates and Jeffrey Smith. *Id.* ¶¶ 19-20. Chase issued check no. 9000023430 in the amount of $3,495.00 dated March 7, 2012 and made payable to Bates and Jeffrey Smith, and Yarmesch placed it in the mail collection box. *Id.* ¶¶ 21-22, 25. It is undisputed that Bates received the check dated March 7, 2012. Bates Aff. ¶ 20.

4

DISCUSSION

Under Georgia law, "[a]ny distinct act of dominion wrongfully asserted over one's property in denial of his right or inconsistent with it, is a conversion." *Md. Cas. Inc. Co. v. Welchel*, 257 Ga. 259, 261, 356 S.E.2d 877, 880 (1987). To establish a conversion claim, Bates must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Trey Inman & Assocs., P.C. v. Bank of Am., N.A.*, 306 Ga. App. 451, 457, 702 S.E.2d 711, 716 (2010) (internal quotation marks omitted); *accord Dierkes v. Crawford Orthodontic Care, P.C.*, 284 Ga. App. 96, 98, 643 S.E.2d 364, 367 (2007) ("To make out a prima face case of conversion, a plaintiff must show that she has title to the property, that the defendant wrongfully possessed it, and that she demanded possession but the defendant refused to surrender it.").

Here, Bates contends that she demanded that Chase credit her account with the $3,495.00. She further asserts that when Chase failed to do so, it misappropriated the funds. Bates correctly points out that the courts, including this Court, have recognized a claim for conversion where a bank misapplies funds it receives from a customer. *E.g., Rourk v. Bank of Am. Nat'l Ass'n*, No. 4:12-CV-42 (CDL), 2012 WL 3745953, at *6 (Aug. 28,

5

2012); *James v. Litton Loan Servicing, L.P.*, No. 4:09-CV-147 (CDL), 2011 WL 59737, at *12 (Jan. 4, 2011). In those cases, the Court concluded that the plaintiffs could state a claim for conversion against a bank based on the misapplication of funds the bank *accepted and retained*. Here, however, Chase did not misapply or retain the funds. Rather, the undisputed evidence establishes that Chase attempted to return the funds to Bates. Chase issued Bates a refund check immediately after it received the funds from Bates. The refund check was not returned to Chase, so Chase employees did not know that Bates had not received it. Chase employees did not know that Bates had not negotiated the refund check until it was about to go stale. Upon learning that Bates had not negotiated the first check, a Chase employee immediately requested a replacement check and sent it to Bates. Based on this undisputed evidence, no reasonable jury could conclude that Chase refused to return the $3,495.00 to Bates. Therefore, Bates cannot establish an essential element of her conversion claim, and her conversion claim fails.

CONCLUSION

As discussed above, Chase's Motion for Summary Judgment Regarding Plaintiff's Claim for Conversion (ECF No. 23) is granted.

IT IS SO ORDERED, this 5th day of November, 2012.

                                               S/Clay D. Land
                                                     CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE