IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SHAWNA BATES, a.k.a. SHAWNA SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CASE NO.: 4:12-CV-43 (CDL) |
| J P MORGAN CHASE BANK, N.A., | ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant's entire argument in opposition to Plaintiff's timely-filed Motion for Leave to Amend her Complaint is premised on the erroneous contention that it adequately responded to her December 22, 2011 QWR and, therefore, it had no duty to respond to her "duplicative" March 29, 2012 QWR. This argument fails.

First, Plaintiff disputes Defendant's assertion that the March 29, 2012 QWR and the December 22, 2011 QWR are "duplicative." The March 29, 2012 QWR contains additional factual issues that arose after December 22, 2011 and further support Plaintiff's belief that her account with Defendant continued to be in error. For instance, in her March 29, 2012 QWR, Plaintiff informed Defendant that she had recently received a check from Defendant dated March 7, 2012 in the amount of $3,495.00 along with a copy of her check number 1026, dated September 6, 2011, in the same amount. Plaintiff informed Defendant that she had sent the September 2011check to Defendant to be applied to her account for her June, July and August 2011 payments and Defendant had failed to give her account any credit. Plaintiff further requested that Defendant explain to her why Chase was sending her this check in March of 2012

1

and to straighten out her account.  Clearly, because Plaintiff had not yet received this check at the time she sent her December 22, 2011 QWR, it cannot be viewed as a "duplicative" request.

Second, in any event, Defendant's assertion that it had adequately responded, as a matter of law, to Plaintiff's December 22, 2011 QWR, was already rejected by this Court in its Order on Defendant's Motion to Dismiss.  (*See* 08/27/12 Order at pp. 7-9 ("[T]he Court concludes that Bates adequately alleged that Chase did not properly respond to her December 22, 2011 qualified written request, and Chase's motion to dismiss her § 2605(e) RESPA claim is therefore denied.") [Pacer Doc. 25]).  The two cases Defendant cites in support of its contention that it had no duty to respond to Plaintiff's allegedly "duplicative" request are inapposite as those courts based their holdings on a finding that the servicer ***had actually adequately responded*** to the borrower's previous request for identical information.  *See e.g., Hawkins-El v. First Am. Funding,* 891 F. Supp. 2d 402, *14-15 (E.D.N.Y. 2012) (holding that "[t]here would have been little, if any, benefit for [the defendant] to continue to send the same information following every letter sent by Plaintiff" ***where the defendant's "initial response adequately addressed Plaintiff's concerns pursuant to RESPA***.") (emphasis added); *Cortez v. Keystone Bank, Inc.,* C.A. No. 98-2457, 2000 U.S. Dist. LEXIS 5705, *32 (E.D. Pa. May 2, 2000) (same).[1]  There has been no such finding in the instant case. Furthermore, there is nothing in RESPA that says that a borrower is estopped from sending more than one QWR to a servicer particularly if, as here, the servicer fails to adequately respond to the borrower's questions and concerns the first time.

---

[1] Federal district courts within the Eleventh Circuit, including this Court, have consistently held that whether a servicer's correspondence satisfies the requirements of section 2605(e) in that it actually adequately responds to the borrower's questions and concerns ***is a genuine issue of material fact and is a question for jury determination***. *See James v. Litton Loan Servicing, L.P.,* C.A. No. 4:09-cv-147, 2011 U.S. Dist. LEXIS 361, *23 (M.D. Ga. Jan. 4, 2011); *McLean v. GMAC Mortg. Corp.,* C.A. No. 06-22795, 2008 U.S. Dist. LEXIS 36143, *28-29 (S.D. Fla. May 2, 2008); *Rawlings v. Dovenmuehle Mortg., Inc.,* 64 F. Supp. 2d 1156, 1161-1163 (M.D. Ala. 1999).

As Plaintiff pointed above, the Court has already determined that Plaintiff has sufficiently alleged that Defendant failed to properly respond to her December 22, 2011 QWR to state a claim for damages under RESPA § 2605 (e).  Therefore, Defendant's contention that Plaintiff's proposed amendment would be futile due to its allegedly "adequate response" to Plaintiff's December 2011 QWR is illogical and does not provide a sufficient basis for the Court to deny Plaintiff's timely-filed request to amend her Complaint to include a claim for Defendant's failure to properly respond to her subsequent March 29, 2012 QWR.

## **CONCLUSION**

Accordingly, for the reasons stated in Plaintiff's Motion for Leave to File her Amended Complaint and herein, Plaintiff respectfully requests the Court's leave to amend her Complaint.

This 10th day of April, 2013.

                                                  CHARLES A. GOWER, P.C.

                                                  /s/ *Charles A. Gower*
                                                  CHARLES A. GOWER
                                                  Georgia Bar No. 303500
                                                  MIRANDA J. BRASH
                                                  Georgia Bar No. 475203

1425 Wynnton Road
P. O. Box 5509
Columbus, GA  31906
(706)324-5685

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing "PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT" was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF system:

> Joseph D. Wargo
> Michael Wolak, III
> Amy L. Hanna
> Wargo & French LLP
> 999 Peachtree Street, N.E.
> 26th Floor
> Atlanta, GA 30309
>
> William L. Tucker
> James C. Clark, Jr.
> Thomas F. Gristina
> Page, Scrantom, Sprouse, Tucker & Ford, P.C.
> 1111 Bay Avenue, 3rd Floor
> Columbus, GA 31901

This 10th day of April, 2013.

/s/ *Charles A. Gower*
CHARLES A. GOWER
Georgia Bar No. 303500
MIRANDA J. BRASH
Georgia Bar No. 475203

1425 Wynnton Road
P. O. Box 5509
Columbus, GA  31906
(706) 324-5685
*Attorneys for Plaintiff*