IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHAWNA BATES, a.k.a.<br>SHAWNA SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*  CASE NO. 4:12-CV-43 (CDL)<br>*<br>*<br>*<br>* |

O R D E R

Plaintiff Shawna Bates ("Bates") asserts various claims against Defendant JPMorgan Chase Bank, N.A. ("Chase"), including a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. In her original Complaint, Bates alleged that Chase did not adequately respond to a letter she sent to Chase on December 22, 2011. Compl. ¶¶ 25-28, 59-60. Bates seeks to amend her Complaint to add an allegation that Chase also failed to respond adequately to a letter she sent to Chase on March 29, 2012. Pl.'s Mot. for Leave to File Am. Compl. Ex. A, Proposed Am. Compl. 1, ECF No. 34-1.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend her complaint with the Court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court need not, however, allow an amendment if "amendment would be futile." *Bryant v. Dupree*, 252

F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  Chase asserts that Bates's proposed amendment is futile because the March 29, 2012 letter merely repeats the inquiries Bates raised in her December 22, 2011 letter.  This argument depends entirely on Chase's contention that Chase adequately responded to Bates's December 22, 2011 letter on January 25, 2012.  Based on the present record, which includes Bates's allegations that the Court must accept as true at this stage, the Court cannot find as a matter of law that Chase adequately responded to Bates's December 22, 2011 letter.  In fact, the Court previously concluded that Bates's Complaint states a RESPA claim based on the December 22, 2011 letter, which means that Bates sufficiently alleged that Chase *did not* adequately respond to the December 22, 2011 letter.  *Bates v. JP Morgan Chase Bank, N.A.*, No. 4:12-CV-43 (CDL), 2012 WL 3727534, at *4 (M.D. Ga. Aug. 27, 2012).  It remains to be determined whether a genuine fact dispute will exist on this issue based on the entire evidentiary record at the close of discovery, but that is not the question before the Court today, and Bates's Motion for Leave to File Amended Complaint (ECF No. 34) is granted.

    IT IS SO ORDERED, this 11th day of April, 2013.

                                          S/Clay D. Land
                                               CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE