UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SHAWNA BATES, a.k.a. SHAWNA SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | CIVIL ACTION NO. 4-12-CV-43 (CDL) |
| J P MORGAN CHASE BANK, N.A. | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings as to Plaintiff's remaining claims of attempted wrongful foreclosure (Count IV); trespass (Count V); breach of contract (Count III); and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) ("RESPA") (Count I).

### I.   INTRODUCTION

Plaintiff's remaining claims seek tort damages and damages for breach of contract. Plaintiff, however, has admitted in writing that *all* of her remaining claims are based *solely* on – and are indeed dependent upon – Chase's alleged non-compliance with U.S. Department of Housing and Urban Development ("HUD")

regulations alluded to in Plaintiff's security deed.  As a matter of Georgia law, Plaintiff cannot invoke the HUD regulations in an <u>offensive</u> cause of action for damages because the HUD regulations give the mortgagor "no claim to duty owed nor remedy for failure to follow."  Plaintiff cannot attempt to "backdoor" her tort claims based solely on violations of HUD regulations.  For the same reason, Plaintiff cannot maintain a state law claim for breach of contract based on an asserted breach of the HUD regulations.  Accordingly, as shown below, Chase is entitled to judgment as a matter of law because Chase's purported violations of the HUD regulations cannot support Plaintiff's offensive claims for damages.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed and straightforward.  On May 30, 2008, Plaintiff Shawna Bates ("Plaintiff") executed a note and a security deed ("Security Deed") to secure the purchase of real property.  (Compl. ¶ 8.)  Plaintiff's loan is a federally insured loan under the Federal Housing Administration.  (Compl. ¶¶ 10, 41.)  Regulations issued by HUD are alluded to in paragraphs 9(a) and (d) of the Security Deed.  (*See* Security Deed, ¶¶ 9(a) and (d), Exhibit A to [Doc. 5-1]).

On November 29, 2012, Plaintiff admitted that the sole basis for her remaining claims – including her RESPA claim – is Chase's alleged non-compliance with HUD regulations; specifically, **24 C.F.R. § 203.554 (mortgagee**

**shall not commence foreclosure when the only default is the failure to pay a late charge …) and 24 C.F.R. § 203.556 (mortgagee shall accept partial payments except under certain conditions.)** In response to a Rule 11 letter from Chase following the dismissal of her conversion claim, Plaintiff cited the foregoing regulations and stated as follows:

> Plaintiff's remaining claims are valid because Chase cannot **wrongfully reject a person's payments**, thereby wrongfully creating a 'default,' and then proceed to attempt a **wrongful foreclosure** or **trespass** based on such a 'default.' Chase cannot **breach the terms of the security deed** and note by wrongfully rejecting a person's payments and then claim that person is delinquent.
>
> Chase also did not properly conduct an investigation in response to Plaintiff's **RESPA letters**, because if it had, Chase would have realized that it **wrongfully rejected** Plaintiff's payments.

(*See* November 29, 2012 letter from C. Gower to M. Wolak, attached hereto as Exhibit A) (emphasis added).[1] Plaintiff's complaint and sur-reply brief in opposition to Chase's motion to dismiss further admit that her remaining claims

---

[1] Plaintiff's letter can be properly considered by the Court in ruling on Chase's Motion because (i) the letter is central to Plaintiff's remaining claims; and (ii) the authenticity of the letter – signed by Plaintiff's counsel – cannot be disputed. *See Scott v. Rite Aid of Georgia, Inc.*, No. 7:11-CV-180, 2012 WL 1409326 at *1 (M.D. Ga. April 23, 2012) (Lawson, J.)

are dependent upon purported HUD violations.[2]  Accordingly, for the reasons set forth below, Plaintiff's remaining claims should be dismissed.

### III.  ARGUMENT AND CITATION TO AUTHORITY

#### A.  Rule 12(c) Legal Standard.

A motion for judgment on the pleadings should be granted "when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Scott*, 2012 WL 1409326 at *1; *see also Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (affirming order granting motion for judgment on the pleadings and explaining that dismissal under Rule 12(c) is appropriate if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

---

[2]  For example, Plaintiff claims that Chase failed to comply with **24 C.F.R. § 203.604**, which requires mortgagees to have a face-to-face interview with mortgagors prior to any foreclosure. (Compl. ¶¶ 41-48).  Additionally, Plaintiff asserts that **"Chase did not have the right to attempt a foreclosure because *Chase had not complied with HUD regulations*."**  (*See* Pl.'s Sur-Reply Br. to Def.'s Mot. to Dismiss [Doc. 21] at 6) (emphasis added).  Plaintiff further claims that "Chase's rejection of her payments was wrongful under both the terms of the Security Deed and federal regulations," including **24 C.F.R. § 203.554 and 24 C.F.R. § 203.556**   (*Id.* at 4.)  Finally, Plaintiff asserts that Chase breached the Security Deed because "[c]ompliance with the HUD regulations is a condition precedent to being able to foreclose as they are made terms of the contract between Shawna and Chase."  (Compl. ¶ 48.)

### B. Under Georgia Law, Mortgagors Cannot Invoke Purported Violations Of The HUD Regulations.

The Georgia Court of Appeals' decision in *Krell v. National Mortgage Corp.*, 448 S.E.2d 248 (Ga. Ct. App. 1994) (*cert. denied,* Jan. 19, 1995), is instructive. In *Krell*, the Court of Appeals affirmed the grant of summary judgment to the mortgagee and held that a mortgagor had no private right of action against a mortgagee for alleged violations of HUD regulations alluded to in the security deed. More importantly, and for the same reason, the Court of Appeals rejected the mortgagor's attempt to base his remaining tort claim solely on the mortgagees' purported violation of the HUD regulations.

The facts in *Krell* are similar to those here. The mortgagor failed to make timely payments on his FHA-insured mortgage. *Id*. at 248. The mortgagee refused to accept the mortgagor's tender of partial payment, insisting that payment be made for the full amount due plus late charges. *Id*. The mortgagor subsequently made full payments and stopped the foreclosure. *Id*. Paragraph 9(a) and (d) of the publicly available security deed contains the <u>exact same</u> language and references to the HUD regulations as Paragraph 9(a) and (d) of Plaintiff's Security Deed. (*See* August 3, 1993 Security Deed granted by Mark and Hollis Krell, attached hereto as

Exhibit B).[3]  Like here, the mortgagor sued the mortgagee on the basis that its refusal to accept partial payments violated HUD regulations concerning mortgage servicing responsibilities for federally insured mortgages (e.g., 24 C.F.R. § 203.556).  *Id*. at 248.  Additionally, the mortgagor claimed that the HUD violations constituted unfair and deceptive business practices under Georgia's Fair Business Practices Act.  *Id*.  According to the publicly available complaint, the mortgagor sought tort damages and punitive damages.  (*See* Compl. ¶¶ 11, 15, a copy of which is attached hereto as Exhibit C).

The Court of Appeals affirmed summary judgment to the mortgagee and held that the mortgagor had **no private cause of action against the mortgagee for violations of the HUD regulations.**  The Court reasoned that "the National Housing Act and the regulations promulgated thereunder deal only with the regulations between the mortgagee and the government *and give the mortgagor no claim to duty owed nor remedy for failure to follow*."  *Id*. at 249 (citing *Roberts v. Cameron Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977) (emphasis added).[4]

---

[3] The Court may consider matters of public record in evaluating Chase's motion. *See Clark v. Bibb County Bd. of Ed.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) (Fitzpatrick, J.)

[4] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

The Court of Appeals made a further ruling in *Krell* that is equally dispositive here. For the same reasons, and relying on the language of *Roberts*, the Court also affirmed summary judgment on the mortgagor's remaining assertions that violation of the HUD regulations supported claims for tort damages under the Georgia Fair Business Practices Act. *Id*. at 249. Assuming that the Act applied to residential mortgages, the Court of Appeals held that ***"Krell's action [under the Georgia Fair Business Practices Act] cannot be based solely on a claim that [the Mortgagee] violated the HUD regulations."*** *Id.*

The holding and rationale of *Krell* compels the same conclusion here. *All* of Plaintiff's remaining claims – including her RESPA claim – are admittedly based *solely* on, and are dependent upon, Chase's purported non-compliance with the HUD regulations. *See* Section II *supra*. As in *Krell*, Chase's alleged violations of the HUD regulations cannot support Plaintiff's remaining offensive claims for damages. *Krell* precludes Plaintiff from attempting to "backdoor" her tort claims based solely on purported violations of HUD regulations.

### C. Plaintiff Cannot Maintain A State Law Claim For Breach Of Contract Based On An Asserted Breach Of HUD Regulations.

The Court of Appeals' holding in *Krell* compels the conclusion that mortgagors cannot maintain a claim for breach of contract based on purported violations of HUD regulations alluded to in the security deed. Indeed, given the

7

Court of Appeals' holding that the HUD regulations give the mortgagor "no claim to duty owed nor remedy for failure to follow," *Krell* correctly stands for the proposition that mortgagors cannot base *any* actions – in tort or contract – solely on a claim that the mortgagee violated HUD regulations. *Krell*, 448 S.E.2d at 249.

Moreover, relying on the same rationale for rejecting offensive claims for damages based on noncompliance with HUD regulations, the overwhelming majority of jurisdictions that addressed this issue hold that mortgagors have no affirmative cause of action for breach of contract against a mortgagee.[5]

---

[5] *See, e.g., Wells Fargo Home Mortgage, Inc. v. Neal*, 922 A.2d 538, 541 and 545 (Md. 2007) ("the mortgagor … may not advance, as an affirmative cause of action, a state law contract claim based on an asserted breach of the HUD regulations alluded to in his FHA form deed of trust …"); *Mitchell v. Chase Home Finance LLC*, No. 3:06-CV-2099-K, 2008 WL 623395 at *4 (N.D. Tex. March 4, 2008) (granting summary judgment on breach of contract claim and holding that it is merely a restatement of plaintiff's claims for wrongful acceleration and foreclosure based on violations of the HUD regulations referenced in the deed of trust); *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal. Rptr. 3d 673, 698 (Cal. Ct. App. 2012), *review denied*, (affirming trial court's rejection of breach of contract claim and holding that the mortgagors "do not, however, have a claim for damages."); *ABN AMRO Mortgage Group, Inc. v. Tullar*, No. 06-0824, 2009 WL 1066511 at *3-4 (Iowa Ct. App. April 22, 2009) (adopting the reasoning and holding of the Maryland Court of Appeals in *Wells Fargo Home Mortgage*); *Dixon v. Wells Fargo Bank, N.A.*, No. 12-10174, 2012 WL 4450502 at *6-8 (E.D. Mich. Sept. 25, 2012) (granting defendant's motion to dismiss and holding that the plaintiffs cannot merely restate or redress their claim based on a violation of HUD regulations as a breach of contract claim based on paragraph 9 of the mortgage agreement).

## IV.  CONCLUSION

For all the foregoing reasons, Chase respectfully requests that the Court grant its Motion and dismiss Plaintiff's remaining claims with prejudice.

Dated:  April 19, 2013.                    **PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**

THOMAS F. GRISTINA
Georgia Bar No. 452454
tfg@psstf.com
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901
Tel.:  (706) 324-0251

-and-

**WARGO FRENCH**

/s/ Michael Wolak III
JOSEPH D. WARGO
Georgia Bar No. 738764
jwargo@wargofrench.com
MICHAEL WOLAK III
Georgia Bar No. 773197
mwolak@wargofrench.com
999 Peachtree St., NE
26th Floor
Atlanta, Georgia 30309
(404) 853-1500 (telephone)

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that I have on this day filed electronically via CM/ECF a true copy of the within and foregoing in the United States District Court for the Middle District of Georgia, with notice of the same being electronically served by the CM/ECF system, addressed to the following:

Charles A. Gower<br>
CHARLES A. GOWER, P.C.<br>
1425 Wynnton Road<br>
Post Office Box 5509<br>
Columbus, Georgia 31906

This 19th day of April, 2013.

/s/ Michael Wolak III
Michael Wolak III