# Charles A. Gower, P.C.

ATTORNEYS AT LAW

1425 WYNNTON ROAD
POST OFFICE BOX 5509
COLUMBUS, GEORGIA 31906
www.cagower.com

Charles A. Gower
charlie@cagower.com

Telephone: 706-324-5685
Facsimile: 706-322-2964

November 29, 2012

Michael Wolak, III, Esq.
Wargo & French, LLP
999 Peachtree Street, N.E.
26th Floor
Atlanta, Georgia 30309

RE: *Shawna Bates, a.k.a. Shawna Smith v. JPMorgan Chase Bank, N.A.*
In the Middle District of Georgia
Civil Action File No.: 4:12-CV-43 (CDL)

Dear Mike:

Although I previously emailed a response to your letter of November 19, 2012 stating that we are not willing to dismiss the above cited case, I wanted to discuss our position more fully. Although Judge Land obviously dismissed Plaintiff's conversion claim, that dismissal was based on a legal element of a conversion claim in Georgia, namely, the exercise of dominion over another's property. The Court found that Chase's alleged attempt to send Shawna Bates' payment of $3,495.00 to her was not the equivalent of retaining and misapplying her payment.

However, Judge Land did not find as a matter of fact or law that Chase had any right to reject Shawna Bates' payment. That is a crucial difference in the conversion claim and Plaintiff's remaining claims for attempted wrongful foreclosure, breach of contract, trespass, and RESPA violations. As you are aware, we have previously argued, and continue to contend, that Chase had no right under the contract or the law to reject Shawna's payments of $3,495.00 or $4,660.00 in November of 2011. To the contrary, under 24 C.F.R. § 203.554 (mortgagee shall not commence foreclosure when the only default is the failure to pay a late charge, except as provided in § 203.556, and a payment may be returned because of failure to include a late charge only when certain notification requirements are met), and 24 C.F.R. § 203.556 (mortgagee shall accept partial payments except under certain conditions), Chase had a duty to accept both of those payments made by Shawna. It is Plaintiff's contention that Chase's rejection of Shawna's payments was wrongful under both the terms of the Security Deed and federal regulations.

Plaintiff's remaining claims are valid because Chase cannot wrongfully reject a person's payments, thereby wrongfully creating a "default," and then proceed to attempt a wrongful foreclosure based on such a "default" or trespass based on such a "default." Chase cannot breach the terms of the security deed and note by wrongfully rejecting a person's payments and then claim that person is delinquent. Chase also did not properly conduct an investigation in response to Plaintiff's RESPA letters, because if it had, Chase would have realized that it wrongfully rejected Plaintiff's payments.

If you contend that Chase had a right to reject Plaintiff's payments of $3,495.00 or $4,660.00, please let us know the factual and legal basis for such a contention so that we may evaluate it. Likewise, if you contend that 24 C.F.R. § 203.556 did not prevent Chase from rejecting Plaintiff's payments of $3,495.00 or $4,660.00, please let us know the basis for such a contention.

We look forward to hearing from you.

Cordially,

*Charlie*

CHARLES A. GOWER

CAG/khw

CC: Joseph D. Wargo, Esq.
    Amy L. Hanna, Esq.
    Thomas F. Gristina, Esq.