Exhibit C

RECEIVED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
92 DEC 18 PM 2:33
GARY R. YATES, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| MARK L. KRELL and HOLLIS W. KRELL, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION |
| v. | ) FILE NO. 92-A-08426 2 ) |
| NATIONAL MORTGAGE CO., | ) ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES Plaintiffs, MARK L. KRELL and HOLLIS W. KRELL, and file their Complaint against National Mortgage Co., and state as follows:

1.

Plaintiffs reside at 4621 Vintage Lane, Buford, Gwinnett County, Georgia.

2.

Defendant is a corporation whose registered agent is Sam S. Margolin, 4041 Knight Arnold Road, Memphis, Tennessee 38118. It is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §9-10-91(1), (4), in that it transacts business within Georgia, and owns real property (deeds to secure debt) in Georgia.

3.

Plaintiffs are the owners of a house at 4621 Vintage Lane, Buford, Gwinnett County, Georgia. This house has a deed to secure debt to Defendant, to secure promissory note loan numbered 525509.

4.

This loan is secured by HUD insurance and are subject to the rules and regulations set forth in 24 CFR 203. Defendant is a mortgagee as defined in those rules.

5.

24CFR 203.556(b) provides that, subject to exceptions not applicable in this case, a mortgagee [Defendant] shall accept any partial payment and either apply it to the mortgagors account or identify it with the mortgagor's account and hold it in a trust account pending disposition.

6.

Defendant did neither, but refused to accept any partial payments, or to accept any monthly payments that were more than thirty (30) days overdue.

7.

As a result of Defendant's policy, Plaintiffs became in arrears on loan 525509 and were forced to pay attorneys fees and other reinstatement charges in order to reinstate that loan.

COUNT ONE

8.

Plaintiffs repeat and reallege paragraphs 1 through 7 above, as if fully alleged herein.

9.

Plaintiffs are the beneficiaries of HUD regulations published in 24 CFR 203.

10.

Plaintiffs have a cause of action against Defendant because Plaintiffs have been damaged by Defendant's policy of refusing partial payments in violations of 24 CFR 203.556(b).

11.

Defendant's policy is tortious and done in bad faith. Therefore, Plaintiffs are entitled to attorney's fees, costs of litigation, and punitive damages to be determined by an impartial jury in the exercise of its enlightened conscience, to punish and deter Defendant for these transgressions and from engaging in like or similar conduct in the future.

COUNT TWO

12.

Plaintiffs repeat and reallege paragraphs 1 through 7 above, as if fully alleged herein.

13.

Defendant is a creditor. Plaintiffs are consumers who have loans with Defendant. Defendant's acceptances or refusals to accept payment from its consumers are consumer acts or practices in trade or commerce.

14.

Defendant's practice of refusing to accept partial payments is an unfair act or practice, in violation of O.C.G.A. §10-1-393(a), in the conduct of consumer transactions.

15.

Plaintiffs have been injured by Defendant's unfair acts or practices, as set out above, and is therefore entitled to general

and exemplary damages from Defendant, in an amount not to exceed $49,900.00.

16.

A copy of this Complaint will be sent to the Georgia Office of Consumer Affairs.

### COUNT THREE

17.

Plaintiffs repeat and reallege paragraphs 1 through 7 above, as if fully alleged herein.

18.

Defendant is a creditor. Plaintiffs are consumers who have loans with Defendant. Defendant's acceptances or refusals to accept payment from its consumers are consumer acts or practices in trade or commerce.

19.

Defendant's practice of refusing to accept partial payments is an unfair act or practice, in violation of Tennessee Statute §47-18-104(a), in the conduct of consumer transactions.

20.

Plaintiffs have been injured by Defendant's unfair acts or practices, as set out above, and is therefore entitled to general and exemplary damages from Defendant, in an amount not to exceed $49,900.00.

21.

A copy of this Complaint will be sent to the Division of Consumer Affairs, Tennessee Department of Commerce and Insurance.

WHEREFORE, Plaintiffs pray that:

(a)  He have judgment against Defendant on Counts One, Two and Three in an amount not to exceed $49,900.00;

(b)  He have a trial by jury; and

(c)  He have such other and further relief as may be just and proper.

Respectfully submitted this 17 day of December, 1992.

*/s/ Michael P. Froman*
MICHAEL P. FROMAN
State Bar No. 278200
Attorney for Plaintiff

Suite 3625
101 Marietta Tower
Atlanta, Georgia 30303
(404) 880-9200