IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHAWNA BATES, a.k.a. <br> SHAWNA SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> J P MORGAN CHASE BANK, N.A., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION FILE NO: <br> * 4-12-CV-43 (CDL) <br> * <br> * <br> * <br> * <br> * |

**PLAINTIFF'S MOTION TO QUASH DEFENDANT'S JUNE 7, 2013 RULE 45 SUBPOENAS TO WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) AND REGIONS BANK (INC.)**

Plaintiff Shawna Bates, a/k/a Shawna Smith, ("Plaintiff") respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), to quash Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") June 7, 2013 Subpoenas to Produce Documents, Information, or Objects or Permit Inspection of Premises in a Civil Action to Wells Fargo Bank, National Association (Inc.) and Regions Bank (Inc.) (hereinafter collectively referred to as the "Bank Subpoenas"). In support of her Motion, Plaintiff shows this Honorable Court as follows:

**I. BRIEF STATEMENT OF FACTS**

1.

Plaintiff filed her Complaint [ECF No. 1] in the above-styled action on February 21, 2012.

2.

Defendant filed its responsive pleading, a motion to dismiss [ECF No. 5], on March 30, 2012.

## II. ARGUMENT

### A. THE BANK SUBPOENAS VIOLATE THE COURT'S MARCH 8, 2013 ORDER AS THEY WERE ISSUED AFTER THE DISCOVERY PERIOD EXPIRED.

In Georgia, it is well established that "subpoenas issued under Rule 45 constitute discovery and, thus, are subject to discovery deadlines established by the Court." *Circle Group, L.L.C. v. Se. Carpenters Reg'l Council,* 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011) (citations omitted). This prohibits a party from using a subpoena "as a means to engage in discovery after the discovery deadline has passed." *Id.* at 1352 (citations omitted). Only in limited circumstances may a subpoena be issued in advance of trial and outside the expiration of discovery: (1) memory refreshment; (2) trial preparation; or (3) to secure for the use at trial original documents previously disclosed by discovery. *Id.* The purpose of Rule 45 and its limited exceptions ensure "that the course of discovery is controlled and cases can progress to a timely and orderly conclusion. Practical consideration of case management compel the conclusion that Rule 45 subpoenas issued after the close of discovery and seeking to re-open discovery under the guise of trial preparation should be quashed." *Id.*

In the instant matter, the Bank Subpoenas are due to be quashed because they were issued after discovery expired on May 17, 2013, and Defendant cannot show said subpoenas fall within one of the above limited exceptions. That is, the documents requested by the Bank Subpoenas do not relate to memory refreshment, trial preparation, or to securing original documents previously disclosed during discovery. The Defendant had **one year, one month, and seventeen days**, including one extension of the discovery period, from the time it filed its responsive pleading to obtain the information sought in the Bank Subpoenas. However, Defendant failed to discover the information sought by the Bank Subpoenas despite the means and opportunity to do so on or before May 17, 2013.

4

Plaintiff fully anticipates Defendant will argue the Bank Subpoenas fall within one of the limited exceptions as stated above. However, Defendant has not shown that the requested documents fall within the limited exceptions of memory refreshment, trial preparation, or securing original documents for use at trial that had previously been disclosed. *Id.* Rather, Defendant's issuance of the Bank Subpoenas is a thinly veiled attempt to re-open and extend discovery beyond the time established by the Court's March 8, 2013 Order. Pursuant to Rule 45, Plaintiff respectfully requests that the June Subpoena be quashed.

### B. DEFENDANT'S JUNE SUBPOENA DOES NOT CONFORM TO RULE 26.

As stated above, "subpoenas issued under Rule 45 constitute discovery." *Circle Group, L.L.C.*, 836 F. Supp. 2d. at 1351. According to Federal Rule of Civil Procedure 26(b)(1) ("Rule 26"), "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." According to Rule 26(b)(2)(C)(ii), "the court must limit the frequency or extent of discovery . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *See also Bellosa v. Universal Tile Restoration, Inc.*, 2008 U.S. Dist. LEXIS 49630, *6 (S.D. Fla. June 30, 2008) ("the scope of permissible discovery is not unbounded . . . the Court may limit it if it determines that . . . the party seeking discovery has had 'ample opportunity' through other discovery in the action to obtain the requested information"); *Powell v. Home Depot USA, Inc.*, 2008 U.S. Dist. LEXIS 49144, *17 (S.D. Fla. June 16, 2008) (same).

In the instant matter, Defendant had substantial time to obtain the information sought in the Bank Subpoenas during discovery in this action. In fact, Defendant had **one year, one month, and seventeen days**, including one extension of the discovery period, from the time it filed its responsive pleading to obtain the information sought by the Bank Subpoenas. However,

Defendant simply failed to obtain this information within the prescribed timelines, and now seeks to re-open and extend the discovery period by issuing the Bank Subpoenas. Because Defendant is in violation of Rule 26, Plaintiff respectfully requests this Court quash the Bank Subpoenas. FED. R. CIV. P. 26(b)(2)(C)(ii).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court quash Defendant's Bank Subpoenas.

Respectfully submitted this 11th day of June, 2013.

CHARLES A. GOWER, P.C.

/s/ *Charles A. Gower*
CHARLES A. GOWER
Georgia Bar No. 303500
MIRANDA J. BRASH
Georgia Bar No. 475203
DAVID T. ROHWEDDER
Georgia Bar No. 104056

1425 Wynnton Road
P.O. Box 5509
Columbus, GA   31906
(706) 324-5685
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFF'S MOTION TO QUASH DEFENDANT'S JUNE 7, 2013 RULE 45 SUBPOENAS TO WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) AND REGIONS BANK (INC.)** was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically serves email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF system:

Thomas F. Gristina, Esq.
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901

Joseph D. Wargo, Esq.
Ryan D. Watstein, Esq.
Jessica C. Casey, Esq.
Joseph M. Englert, Esq.
Wargo French
999 Peachtree St., NE
26th Floor
Atlanta, GA 30309

The undersigned further certifies that the foregoing "**PLAINTIFF'S MOTION TO QUASH DEFENDANT'S JUNE 7, 2013 RULE 45 SUBPOENAS TO WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) AND REGIONS BANK (INC.)**" was served by depositing a copy of same in an envelope with sufficient first class postage affixed thereto to ensure delivery into the United States Mail to the following:

Wells Fargo Bank, National Association (Inc.)
Corporation Service Company, reg. agent
40 Technology Parkway South, Suite 300
Norcross, GA 30092

Regions Bank (Inc.) (Alabama)
Corporation Service Company, reg. agent
40 Technology Parkway South, Suite 300
Norcross, GA 30092

This 11th day of June, 2013.

/s/ *Charles A. Gower*

7