UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SHAWNA BATES, a.k.a. | ) | |
| SHAWNA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 4-12-CV-43 (CDL) |
| J P MORGAN CHASE BANK, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

### JPMORGAN CHASE BANK, N.A.'S
### MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

#### I.    INTRODUCTION

On September 17, 2012, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed its Answer and Affirmative Defenses ("Answer") to the Complaint ("Complaint") of Plaintiff Shawna Bates ("Plaintiff").  During the course of discovery (which both parties agreed to continue for an additional three weeks after its scheduled close), Chase learned that there is an additional applicable affirmative defense of fraud that was not included in Chase's Answer. Specifically, Chase learned that Plaintiff falsified material information on her loan application such as her name, marital status, and personal income.  But for Plaintiff's fraud, Chase would not have purchased or serviced the subject loan which forms the basis for Plaintiff's Complaint. Moreover, because of her fraud, Plaintiff's Loan has been in default since origination.[1]  Thus, the

---

[1] *See* DE 61, Chase's Mtn. for Sum. Judg, Deed, Ex. C, Sec. Deed at ¶ 5 ("Buyer shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender").

1

addition of an affirmative defense of fraud would serve as a bar to Plaintiff's claims arising under the fraudulently-induced loan contract.

Additionally, Plaintiff's response ("Response") to Chase's Motion for Summary Judgment ("MSJ") incorrectly argues that Chase "unambiguously admitted that it did not comply" with various United States Department of Housing and Urban Development ("HUD") Regulations in Chase's Answer.[2] Through this Motion, Chase also seeks to amend the paragraph in its Answer relied upon by Plaintiff for this misguided argument to clarify Chase's position and to ensure that Chase's pleadings conform to the evidence developed in discovery.

Although Chase's deadline to amend its Answer was May 17, 2013,[3] Chase was not made aware of the need to amend until after its deadline; it was not until the deposition of Plaintiff's ex-boyfriend (and purported claimed husband) that Chase learned of the full extent of Plaintiff's fraud.[4] Similarly, it was not until Plaintiff filed her Response that the need to clarify a supposed admission was realized.[5] As a result, Chase *could not* have filed the instant Motion until *after* the close of discovery.

Additionally, there would be no resulting prejudice to Plaintiff to allow the amendments. Chase merely seeks to conform the Answer to the evidence and Plaintiff has had ample opportunity to conduct her own discovery to address the issues raised by the requested

---

[2] *See* DE 77, Pl.'s Resp. in Opp. to Mtn. for Sum. Judg. at 19.

[3] *See* DE 16, Sched. and Disc. Order at Section V.A. (specifying that all motions to amend pleadings shall be filed by the close of discovery, which pursuant to the Order was May 17, 2013).

[4] *Compare* S. Bates Dep. at 23:13-14 *with* J. Smith Dep. at 18:1-5.

[5] *See* DE 77, Pl.'s Resp. in Opp. to Mtn. for Sum. Judg. at 19.

amendments. Specifically, Plaintiff's counsel had the opportunity to cross-examine Plaintiff's ex-boyfriend during his deposition regarding Plaintiff's fraud, but elected not to do so. Additionally, Plaintiff has ample discovery on Chase's compliance with the HUD Regulations, by virtue of both Chase's November 2012 document production and the May 2013 deposition of Chase's corporate representative. Accordingly, for good cause shown herein and pursuant to Fed. R. Civ. P. 15(a) and 16(b), Chase respectfully requests that this Court grant Chase leave to amend its Answer. For the Court's convenience, Chase's proposed Amended Answer is attached hereto as Exhibit A.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962), *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (leave to amend shall be freely given unless there is undue delay, dilatory motive or prejudice to opposing party). While the decision whether to grant leave to amend a complaint is within the sole discretion of the district court, "***[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial***." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (emphasis added). A "substantial reason" is: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2006); *see also Fla. Evergreen Foliage*, 470 F.3d at 1041 (emphasis added). Additionally, "where a

party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend ... should be granted." *Smith v. Sch. Bd. of Orange County,* 487 F.3d 1361, 1366 (11th Cir. 2007); *Wasdin v. Cheetah Transp., LLC*, 5:05 CV 340 DF, 2006 WL 3534969 (M.D. Ga. Dec. 7, 2006) (finding party's diligence in seeking leave to amend is relevant to good cause analysis); *see also* Fed. R. Civ. P. 16(b). The primary measure of the "good cause" standard for amending a scheduling order is the moving party's diligence in attempting to meet the case management order's requirements. *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011); *Auto–Owners Ins. Co. v. Ace Elec. Serv., Inc.,* 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (holding key to establishing good cause is to demonstrate diligence); *Edizone, LC v. Cloud Nine, LLC*, 505 F. Supp. 2d 1226, 1231 (D. Utah 2007).

As shown herein, Chase could not have filed the instant Motion until after the cutoff under the Scheduling Order and Plaintiff will not be prejudiced in any way by the Amendment. Thus, good cause exists to grant the relief requested by Chase.

**A.** **Chase Should Be Granted Leave to Include an Affirmative Defense of Fraud in the Inducement.**

On May 16, 2013, merely one day before the close of discovery, Chase first learned that Plaintiff lied about her name and marital status on the Loan application.[6] It was not until June 6, 2013, when Chase was finally able to depose Jeffrey Smith (Plaintiff's ex-boyfriend and fictitious husband listed on the Loan application), that Chase learned the extent of Plaintiff's

---

[6] *Compare* S. Bates Dep. at 19:7-21:7 *with* DE 61, Chase's Mtn. for Sum. Judg, Deed, Ex. A, Loan Application.

fraud.[7]  Specifically, Chase learned that Plaintiff *grossly* overstated her income, which resulted in Chase purchasing a loan it would not have otherwise purchased.[8]  Put simply, but for Plaintiff's fraud, none of the events preceding the filing of this lawsuit would have occurred.[9]

Chase has determined that it needs to include an affirmative defense based on Plaintiff's fraud in its Answer.  Good cause exists for granting this relief.  Indeed, Plaintiff seeks *millions of dollars in damages* based on an alleged breach of a contract *Chase was fraudulently induced into purchasing*.  Equity precludes Plaintiff from recovering millions of dollars because of her own ***criminal*** fraud.  26 U.S.C. § 7206 (imposing criminal penalty for fraud and false statements in tax returns); 26 U.S.C. § 7207 (imposing criminal penalty for submitting a false tax return).  Accordingly, this defense is not futile.  *Fla. Evergreen Foliage*, 470 F.3d at 1041; *Jocelyn Canyon, Inc. v. Lentjes*, 664 S.E.2d 908, 910 (Ga. Ct. App. 2008) ("[F]raud in the inducement of the contract is a good defense to the enforceability of the obligation.") (citing *Morgan v. Hawkins,* 273 S.E.2d 221 (Ga. Ct. App. 1980)).

Additionally, the timing of this Motion was not the result of undue delay.  Chase was put on notice of the possibility of fraud on May 16, 2013.[10]  However, it was not until June 6, 2013 that Chase learned the extent of the fraudulent application.[11]  In order to gather all of the

---

[7]  *See* J. Smith Dep. at 43:19-21, 47:6-14.

[8]  *Compare* DE 61-1, Chase's Brf. In Support of Mtn. for Sum. Judg. at Ex. A, Loan Application *with* S. Bates Dep. at 19:7-21:7 *and* J. Smith Dep. at 43:19-21, 47:6-14.

[9]  *Id.* at Ex. E, Decl. of Kathleen T. Val ¶¶ 7-8.

[10]  *See* S. Bates Dep. at 21:5-7. ("Q. So would that have been incorrect if you had applied for a loan in the name of Shawna Smith? A. Yes.")

[11]  *See* J. Smith Dep. at 43:19-21, 47:6-14.

information necessary to determine with particularity the scope of Plaintiff's fraud, Chase served subpoenas on Wells Fargo Bank, National Association and Regions Bank *the very next day*. On June 11, 2013, however, Plaintiff filed a Motion to Quash those subpoenas.[12] To date, the Court has not issued a ruling on that Motion. Although Chase had hoped to have the benefit of analyzing the subpoenaed documents before filing the instant Motion, out of an abundance of caution, Chase now files the present Motion in order to diligently pursue an affirmative defense it feels is integral to its case. *See Go Med. Indust. Pty, Ltd. v. C.R. Bard, Inc.*, No. 1:93cv-1538-HTW, 1995 WL 605802 *4 (N.D. Ga. July 6, 1995) (finding no undue delay because the court would not "penalize defendant for obtaining additional, confirming information [. . .] to support its claims -- especially given that Rule 9(b) requires that allegations of fraud [. . .] be stated with particularity"). Furthermore, Chase is filing its amended answer simultaneously with the filing of this Motion. *See Counts v. Red Coats, Inc.*, No. 109-CV-3038-TWT-ECSS, 2010 WL 2674423 *2 (N.D. Ga. May 28, 2010) report and recommendation adopted, No. 109-CV-3038-TWT, 2010 WL 2674421 (N.D. Ga. July 1, 2010) (holding because "Defendant filed their amended answer contemporaneously with the instant motion, granting of the leave to amend will not create any undue delay").[13]

      Accordingly, Chase should be permitted to amend its answer to include this affirmative defense of fraud.

---

[12] *See* DE 73, Mtn. to Quash Rule 45 Subpoenas.

[13] Moreover, Plaintiff has had the opportunity to conduct her own discovery regarding the issue of fraud. Plaintiff's counsel chose not to cross-examine Mr. Smith during his deposition when counsel for Chase specifically asked about Plaintiff's grossly inflated income on the loan application.

**B.     Chase Should Be Granted Leave to Amend the Answer to Clarify Its Response.**

In her Complaint, Plaintiff alleges that Chase violated various HUD Regulations; specifically, that Chase did not make reasonable efforts to have a face-to-face interview with Plaintiff.[14] Chase has maintained since the outset of the litigation that: (1) Plaintiff's allegations are irrelevant because controlling authority compels the conclusion that Plaintiff cannot base any offensive claims on any purported HUD Regulations; and (2) Chase did in fact comply with these Regulations.[15] Thus, throughout its Answer, Chase denied the allegations related to the alleged HUD violation. Indeed, Chase denied each of Plaintiff's allegations that Chase was required to act pursuant to the HUD Regulations.[16] The Answer makes it clear that Chase believed that compliance with HUD was irrelevant.[17] However, on June 28, 2013, Plaintiff claimed in her Response that Chase in its Answer "unambiguously admitted that it did not comply" with various HUD Regulations and cited Paragraph 47 of Chase's Answer in support thereof.[18] In Paragraphs 41 through 47 of the Complaint, Plaintiff alleges that Chase violated various HUD Regulations.[19] In Paragraph 47, Plaintiff concludes her HUD Regulation

---

[14] *See* DE 1, Compl. ¶¶ 41-47.

[15] *See generally* DE 61-1, Chase's Brf. In Support of Mtn. for Sum. Judg.

[16] *Id.*¶¶ 41-46

[17] *See e.g.* DE 29, Chase's Ans. to Compl. ¶ 48 (denying the HUD Regulations constituted a contract between Plaintiff and Chase).

[18] *See* DE 68, Pl.'s Resp. in Opp. to Mtn. for Sum. Judg. at 19.

[19] *See* DE 1, Compl. ¶¶ 41-47.

allegations by stating that Chase failed to have the requisite face-to-face interview.[20]  By virtue of its response to Paragraph 47, Chase intended to provide a qualified answer that indicated that any response was irrelevant as Plaintiff lacked standing to bring any claim under the HUD Regulations.  In response to Paragraph 47, however, Chase inadvertently provided an answer that could be interpreted as an admission.  Accordingly, Chase seeks leave to amend to clarify that it denies it violated any HUD Regulations and to conform its response to Plaintiff's allegation in Paragraph 47 of the Complaint to the evidence.

      Good cause exists to grant leave to amend Chase's supposed admission so that it may clarify its prior statement.  Indeed, Plaintiff's Response shows that Plaintiff misunderstood Chase's statement and therefore highlights the need for clarification.  Moreover, Plaintiff will not be prejudiced by this amendment.  Indeed, Plaintiff has been in possession of the documents that unequivocally prove Chase's compliance with the HUD Regulations since November 2012, which were included in Chase's first document production.  Furthermore, Plaintiff has undoubtedly been aware of Chase's position that it complied with the HUD Regulations since at least May 16, 2013 when Chase deposed Plaintiff.[21]  Thus, Plaintiff knew by May 16, 2013 at the latest, that Chase complied with the HUD Regulations based upon the servicing notes, which had been in Plaintiff's possession since November 2012.  Moreover, Plaintiff deposed Chase's corporate representative on May 21, 2013.  At that deposition, Plaintiff's counsel specifically addressed the issue of the HUD Regulations, at which point Chase's representative unequivocally

---

[20] *See* DE 1, Compl. ¶ 47.

[21] *See* S. Bates Dep. at 286:24-287:4 (indicating that Chase's notes evidence compliance with face-to-face interview).

stated that Chase complied with the relevant Regulations.[22]  Accordingly, Plaintiff was afforded the opportunity to conduct discovery on this issue and was well aware of Chase's position.  The revision of this particular paragraph will merely clarify Chase's position and conform to the evidence; it will in no way prejudice Plaintiff.  *See Francisco v. Verizon South, Inc.*, 756 F. Supp. 2d 705, 716 (E.D. Va. 2010) (granting leave to amend answer where defendant sought to clarify previous responses to conform to deposition testimony).

Finally, Chase was diligent in filing this Motion.  Chase only discovered the need for such an amendment on June 28, 2013, when Plaintiff filed her Response.  This Motion was filed less than three weeks later, after analyzing the Response, the Complaint and Chase's Answer.  Accordingly, Chase should be granted leave to amend.

### III.   CONCLUSION

As shown *supra,* Chase should be granted leave to amend its Answer pursuant to Federal Rule of Civil Procedure 15(a) and 16(b).  Specifically, Chase has shown that good cause exists for granting leave to amend.  Moreover, Plaintiff will not be prejudiced by Chase's amendments and Chase has not demonstrated bad faith or a dilatory motive for amendment.  Accordingly, it is proper and appropriate for the Court to grant Chase leave to amend its Answer.

For all the reasons set forth above, Chase respectfully requests that this Court grant Chase leave to amend its Answer to assert the additional affirmative defense and the clarification detailed herein.

For the convenience of the Court, a proposed Order is attached hereto as Exhibit B.

---

[22]  A. Smith Dep. at 132:6-8.  ("Q. Did Chase make reasonable efforts in this case to have a face-to-face meeting with Shawna? A. Yes.")

Respectfully submitted this 19th day of July, 2013.

           **WARGO & FRENCH LLP**

           /s/ Ryan D. Watstein
           JOSEPH D. WARGO
           Georgia Bar No. 738764
           RYAN D. WATSTEIN
           Georgia Bar No. 266019
           JESSICA C. CASEY
           Georgia Bar No. 626823
           jwargo@wargofrench.com
           999 Peachtree St., NE
           26th Floor
           Atlanta, Georgia 30309
           (404) 853-1500 (telephone)
           (404) 853-1501 (facsimile)

           *Counsel for Defendant JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| SHAWNA BATES, a.k.a. SHAWNA SMITH, ) ) ) Plaintiff, ) ) v. ) ) J P MORGAN CHASE BANK, N.A. ) ) Defendant. ) | CIVIL ACTION NO. 4-12-CV-43 (CDL) |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day filed electronically via CM/ECF a true copy of the within and foregoing **JPMORGAN CHASE BANK, N.A.'S MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES** in the United States District Court for the Middle District of Georgia, with notice of same being electronically served by the CM/ECF system, addressed to the following:

Charles A. Gower
CHARLES A. GOWER, P.C.
1425 Wynnton Road
Post Office Box 5509
Columbus, Georgia 31906

This 19th day of July, 2013

/s/ Ryan D. Watstein
Ryan D. Watstein

11