**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| SHAWNA BATES, a.k.a.<br>SHAWNA SMITH,<br><br>Plaintiff,<br><br>V.<br><br>J P MORGAN CHASE BANK, N.A.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>4-12-CV-43 (CDL) |

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel, hereby states its amended answers and affirmative defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy conditions precedent.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, acquiescence and/or ratification.

**FIFTH DEFENSE**

Plaintiff's claims against Chase are barred, in whole or in part, by the superseding and/or intervening acts of Plaintiff and/or third parties.

**SIXTH DEFENSE**

Plaintiff's damages, if any, were caused in whole or in part by the acts or omissions of Plaintiff and/or third-parties for which Chase should not be held liable.

**SEVENTH DEFENSE**

Plaintiff's claims fail for lack of consideration.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her damages, if any (which Chase expressly denies Plaintiff incurred).

**NINTH DEFENSE**

To the extent Chase is liable to any party, they are entitled to a setoff and/or contribution.

**TENTH DEFENSE**

Plaintiff's claims are barred insofar as they are moot.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations.

**TWELFTH DEFENSE**

Chase states that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to them under the Constitution of the State of Georgia and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate

review mechanisms to constitutionally confirm a punitive damage award, imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and Plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged amount in question.

**THIRTEENTH DEFENSE**

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff are not entitled to an award of punitive damages absent strict compliance with O.C.G.A. § 51-12-5.1.

**FOURTEENTH DEFENSE**

The imposition of punitive damages in this case measured by the wealth of Chase would constitute an impermissible punishment of status.

**FIFTEENTH DEFENSE**

Plaintiff lacks any private right of action to bring some or all of her claims and/or defenses.

**SIXTEENTH DEFENSE**

Plaintiff lacks standing to bring some or all of her claims and/or defenses.

**SEVENTEENTH DEFENSE**

Chase reserves the right to assert any additional defenses that may arise in the course of discovery and/or any other point in this litigation.

**EIGHTEENTH DEFENSE**

Chase denies each and every allegation of the Complaint not specifically admitted in this Answer.

**NINTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's fraud. Chase states that Plaintiff intentionally misrepresented material information on her loan application such as name, marital status, and income. Plaintiff also filed fraudulent tax returns. But for Plaintiff's fraud, Chase would not have purchased the rights to the subject loan.

Chase responds to the numbered paragraphs of Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2.

Chase admits the allegations contained in Paragraph 2 of the Complaint.

3.

Chase admits the allegations contained in Paragraph 3 of the Complaint.

4.

Chase admits the allegations contained in Paragraph 4 of the Complaint.

5.

Chase admits the allegations contained in Paragraph 5 of the Complaint.

6.

Chase admits the allegations contained in Paragraph 6 of the Complaint.

7.

Chase admits the allegations contained in Paragraph 7 of the Complaint for jurisdictional purposes only.

## OPERATIVE FACTS

8.

Chase admits the allegations contained in Paragraph 8 of the Complaint.

9.

Chase admits the allegations contained in Paragraph 9 of the Complaint.

10.

Chase admits the allegations contained in Paragraph 10 of the Complaint.

11.

Chase admits that Plaintiff did not make her June, July, and August, 2011 payments within the month in which they were due as alleged in Paragraph 11 of the Complaint.

12.

Chase admits that Plaintiff sent to Chase personal check number 1026 dated September 6, 2011, in the amount of $3,495.00; that personal check number 1026 was returned unpaid; and that Plaintiff's personal bank then electronically submitted $3,495.00 to Chase on September 12, 2011. Chase denies that Plaintiff paid her June, July, and August, 2011 loan payments with personal check number 1026. With regard to the remaining allegations in Paragraph 12 of the Complaint, Chase is without sufficient knowledge to admit or deny those allegations and therefore denies same.

13.

Chase admits that it received personal check number 5206 from Plaintiff in the amount of $4,660.00 on November 9, 2011. Chase denies that Plaintiff paid her September, October, November, and December, 2011 loan payments with personal check number 5206. With regard

to the remaining allegations in Paragraph 13 of the Complaint, Chase is without sufficient knowledge to admit or deny those allegations and therefore denies same.

14.

Chase admits personal check number 5206 from Plaintiff was for $4,660.00.

15.

Chase admits the allegations contained in Paragraph 15 of the Complaint.

16.

Chase admits that it received personal check number 5210 from Plaintiff in the amount of $4,660.00 on November 30, 2011, as alleged in Paragraph 16 of the Complaint. With regard to the remaining allegations in Paragraph 16 of the Complaint, Chase is without sufficient knowledge to admit or deny those allegations and therefore denies same.

17.

Chase admits the allegations contained in Paragraph 17 of the Complaint.

18.

Chase admits that Plaintiff's personal bank electronically submitted $4,660.00, but Chase denies that the electronic submission constituted a loan payment.

19.

Chase admits that it returned the $4,660.00 electronic submission to Plaintiff. Chase denies the remaining allegations in Paragraph 19 of the Complaint.

20.

Chase states that the allegations in Paragraph 20 of Plaintiff's Complaint are too vague to allow to Chase to properly respond. Based on the allegations in Paragraph 20, Chase has no way

to determine a timeframe for when Plaintiff allegedly "called Chase repeatedly." To the extent a response is required, Chase denies the allegations contained in Paragraph 20 of the Complaint.

21.

Denied as stated. Chase admits that Plaintiff made a phone call to Chase on December 5, 2011. Chase denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.

Chase states that the document attached to the Complaint as Exhibit 1 speaks for itself and denies any allegations in Paragraph 22 of the Complaint inconsistent therewith.

23.

Chase states that the document attached to the Complaint as Exhibit 2 speaks for itself and denies any allegations in Paragraph 23 of the Complaint inconsistent therewith.

24.

Chase denies the allegations contained in Paragraph 24 of the Complaint.

25.

Chase states that the documents attached to the Complaint as Exhibit 3 speak for themselves and denies any allegations in Paragraph 25 of the Complaint inconsistent therewith.

26.

Chase states that the allegations contained in Paragraph 26 of the Complaint are legal conclusions to which a response is not required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 26 of the Complaint.

27.

Chase denies the allegations contained in Paragraph 27 of the Complaint.

28.

Chase denies the allegations contained in Paragraph 28 of the Complaint.

29.

Chase states that the allegations in Paragraph 29 of Plaintiff's Complaint are too vague to allow to Chase to properly respond. Based on the allegations in Paragraph 29, Chase has no way to determine a timeframe for when Plaintiff allegedly contacted Chase and/or Chase's lawyers. To the extent a response is required, Chase denies the allegations contained in Paragraph 29 of the Complaint.

30.

Chase admits that it has not sold the property located at 145 Culpepper Drive, Cataula, Georgia 31804 ("Property") in a foreclosure sale as alleged in Paragraph 30 of the Complaint. With regard to the remaining allegations in Paragraph 30 of the Complaint, Chase is without sufficient knowledge to admit or deny those allegations and therefore denies same.

31.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore denies same.

32.

Chase states that the allegations in Paragraph 32 of Plaintiff's Complaint are too vague to allow to Chase to properly respond. Based on the allegations in Paragraph 32, Chase has no way to determine a timeframe for when Plaintiff allegedly contacted Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 32 of the Complaint.

33.

Chase states that the allegations in Paragraph 33 of Plaintiff's Complaint are too vague to allow to Chase to properly respond. Based on the allegations in Paragraph 33, Chase has no way to determine a timeframe for when Plaintiff was allegedly told by Chase that it was "researching" her account. To the extent a response is required, Chase denies the allegations contained in Paragraph 33 of the Complaint.

34.

Chase states that the document attached to the Complaint as Exhibit 4 speaks for itself and denies any allegations in Paragraph 34 of the Complaint inconsistent therewith.

35.

Chase states that the document attached to the Complaint as Exhibit 4 speaks for itself and denies any allegations in Paragraph 35 of the Complaint inconsistent therewith.

36.

Chase states that the document attached to the Complaint as Exhibit 5 speaks for itself and denies any allegations in Paragraph 36 of the Complaint inconsistent therewith.

37.

Denied as stated. Chase admits that it did not credit Plaintiff's mortgage loan with the $3,495.00 electronic submission it received on September 12, 2011, because it returned those funds to Plaintiff on September 15, 2011. Chase denies that the $3,495.00 electronic submission constituted a loan payment. Chase denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.

Chase denies the allegations contained in Paragraph 38 of the Complaint.

39.

Chase states that the allegations contained in Paragraph 39 of the Complaint are not factual allegations to which a response is required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 39 of the Complaint.

40.

Chase states that the document attached to the Complaint as Exhibit 6 speaks for itself and denies any allegations in Paragraph 40 of the Complaint inconsistent therewith.

41.

Chase states that the allegations contained in Paragraph 41 of the Complaint are legal conclusions to which a response is not required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 41 of the Complaint.

42.

Chase states that the allegations contained in Paragraph 42 of the Complaint are not factual allegations to which a response is required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 42 of the Complaint.

43.

Chase states that the allegations contained in Paragraph 43 of the Complaint are not factual allegations to which a response is required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 43 of the Complaint.

44.

Chase states that the allegations in Paragraph 44 of Plaintiff's Complaint are too vague to allow Chase to properly respond. Chase cannot determine which of its locations, if any, would qualify as an undefined "branch office" as referenced in Paragraph 44 of the Complaint. To the

extent a response is required, Chase denies the allegations contained in Paragraph 44 of the Complaint.

45.

Chase states that the allegations contained in Paragraph 45 of the Complaint are not factual allegations to which a response is required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 45 of the Complaint.

46.

Chase states that the allegations contained in Paragraph 46 of the Complaint are not factual allegations to which a response is required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 46 of the Complaint.

47.

Chase denies each and every allegation in Paragraph 47 of the Complaint.

48.

Chase states that the allegations contained in Paragraph 48 of the Complaint are legal conclusions to which a response is not required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 48 of the Complaint.

49.

Chase denies the allegations contained in Paragraph 49 of the Complaint.

50.

Chase denies the allegations contained in Paragraph 50 of the Complaint.

51.

Chase denies the allegations contained in Paragraph 51 of the Complaint.

52.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies same.

53.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies same.

54.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies same.

55.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies same.

56.

Chase denies the allegations contained in Paragraph 56 of the Complaint.

57.

Chase is without sufficient knowledge to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore denies same.

58.

Chase states that the allegations contained in Paragraph 58 of the Complaint are not factual allegations to which a response is required from Chase. To the extent a response is required, Chase denies the allegations contained in Paragraph 58 of the Complaint.

**COUNT ONE**
**RESPA VIOLATIONS**

59.

Chase denies the allegations contained in Paragraph 59 of the Complaint.

60.

Chase denies the allegations contained in Paragraph 60 of the Complaint as amended by Plaintiff's Amended Complaint filed on April 11, 2013.

61.

Chase denies the allegations contained in Paragraph 61 of the Complaint.

**COUNT TWO**
**CONVERSION**

62.

Chase denies the allegations contained in Paragraph 62 of the Complaint.

63.

Chase denies the allegations contained in Paragraph 63 of the Complaint.

64.

Chase denies the allegations contained in Paragraph 64 of the Complaint.

**COUNT THREE**
**BREACH OF CONTRACT**

65.

Chase denies the allegations contained in Paragraph 65 of the Complaint.

**COUNT FOUR**
**WRONGFUL FORECLOSURE**

66.

Chase denies the allegations contained in Paragraph 66 of the Complaint.

67.

Chase denies the allegations contained in Paragraph 67 of the Complaint.

68.

Chase denies the allegations contained in Paragraph 68 of the Complaint.

**COUNT FIVE**
**TRESPASS**

69.

Chase denies the allegations contained in Paragraph 69 of the Complaint.

**COUNT SIX**
**ATTORNEYS' FEES AND EXPENSES**

70.

Chase denies the allegations contained in Paragraph 70 of the Complaint.

**COUNT SEVEN**
**PUNITIVE DAMAGES**

71.

Chase denies the allegations contained in Paragraph 71 of the Complaint.

Chase denies that plaintiff is entitled to the relief sought as detailed under her Prayer for Relief clause beginning with the word "WHEREFORE." Chase denies any and all other allegations and averments contained in the Complaint not hereinabove specifically admitted or denied.

WHEREFORE, having fully answered the Complaint of Plaintiff, Chase asks that the Court dismiss with prejudice all Counts asserted in Plaintiff's Complaint against Chase, enter judgment in favor of Chase and against Plaintiff, award Chase its costs and attorneys' fees incurred in the defense of this action, and award Chase any further relief that this Court deems just and proper.

Respectfully submitted this 19th day of July, 2013.

**WARGO & FRENCH LLP**

/s/ Ryan Watstein___________
JOSEPH D. WARGO
Georgia Bar No. 738764
RYAN D. WATSTEIN
Georgia Bar No. 266019
JESSICA C. CASEY
Georgia Bar No. 626823
jwargo@wargofrench.com
999 Peachtree St., NE
26th Floor
Atlanta, Georgia 30309
(404) 853-1500 (telephone)
(404) 853-1501 (facsimile)

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| SHAWNA BATES, a.k.a. SHAWNA SMITH, | ) | |
| Plaintiff, | ) | |
| V. | ) | CIVIL ACTION NO. 4-12-CV-43 (CDL) |
| J P MORGAN CHASE BANK, N.A. | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed a true copy of the foregoing **DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES** with the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 19th day of July, 2013.

/s/ Ryan Watstein